IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01625-BNB

STELLA DANIELLE O'NEAL,

    Plaintiff,

v.

ARI ZAVARAS, Executive Dir.,
MRS. SHOEMAKER, Medical Dir., and
DR. WARNER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Stella Daniel O'Neal is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Women's Correctional Facility. Ms. O'Neal filed a pleading titled "Motion to Reopen Case," on October 7, 2009. The Court must construe the pleading liberally because Ms. O'Neal is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The October 7, 2009, pleading, therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

Ms. O'Neal's motion to reconsider, which was filed more than ten days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

On September 24, 2009, the Court dismissed this action because Ms. O'Neal failed either to pay an initial partial filing fee of $2.00 or to show cause why she has no assets and no means to pay the initial partial filing fee by filing a current certified copy of her trust fund account statement, as required by Magistrate Boyd N. Boland's August 10, 2009, order.

Ms. O'Neal's Motion to Reconsider does not address her failure to comply with Magistrate Judge Boland's August 10, 2009, order. Instead, Ms. O'Neal merely submits a current trust fund statement that is properly certified, and requests that she be allowed to proceed with the action. Ms. O'Neal does not identify any reason why she was not able to provide a current, certified trust fund statement to the Court within the deadline set forth in the August 10, 2009, order. Although Ms. O'Neal again refers the Court to the trust fund statement she filed on August 5, 2009, the August 10, 2009, order, explicitly directed Ms. O'Neal either to pay the $2.00 filing fee, or submit a *current*, certified copy of her inmate trust fund statement. The Court, therefore, concludes that Ms. O'Neal fails to demonstrate some reason why the Court should reconsider and vacate the September 24, 2009, Order of Dismissal. Ms. O'Neal is reminded that the instant action was dismissed without prejudice, and she may, if she desires, seek to file a new action. Accordingly, it is

ORDERED that the "Motion to Reopen Case," filed on October 7, 2009, is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 60(b), and is denied.

DATED at Denver, Colorado, this 21 day of Oct., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01625-ZLW

Stella Danielle O'Neal
Prisoner No. 139751
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/21/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk